[Cite as *Howard v. Ohio Dept. of Transp.*, 2011-Ohio-6961.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JACK HOWARD

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

Case No. 2011-07443-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff, Jack Howard, filed this claim stating that on April 20, 2011, at approximately 9:30 p.m., he was "traveling north on State Route 7, in the right hand lane, just before Route 213, between 33 & 34 mile marker" when he crossed a concrete bridge. Plaintiff explained that he felt an impact which "broke my driver's side leaf spring and on the exit of the bridge the broken leaf spring hit my air bag and popped it," which almost caused him to lose control of his vehicle. Plaintiff asserted that the damage to his car was proximately caused by negligence on the part of defendant, Ohio Department of Transportation (ODOT), in failing to adequately maintain the roadway free of defects. Plaintiff filed this complaint seeking to recover $735.29, the stated cost of a front spring and other related automotive repairs. The filing fee was paid.

{¶2} According to an email submitted with the complaint, plaintiff notified ODOT of the damage event on April 23, 2011. Plaintiff also submitted photographs taken April 21, 2011, depicting the approach to and exit from the concrete bridge including views of the expansion joint and the adjacent asphalt roadway. Based upon a review of the

photographs, it appears that the asphalt roadway on either side of the concrete bridge had previously deteriorated and been repaired with pothole patching materials. The area of roadway patching was adjacent to both expansion joints and spanned the entire width of the roadway.

{¶3} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing condition prior to the April 20, 2011 incident. Defendant noted that plaintiff did not explain whether his damage was caused by a pothole or an expansion joint. Defendant further noted that ODOT records show no prior calls or complaints were received about the roadway condition which defendant located "at approximately milepost 33.69 on SR 7 in Jefferson County." Defendant asserted that plaintiff did not produce any evidence to establish the length of time the problem on the bridge existed before April 20, 2011, and suggested that "it is likely the potholes by the bridge joints existed for only a short time before the incident." Defendant explained that the ODOT "Jefferson County Manager inspects all state roadways within the county at least two times a month." Apparently, no defects were discovered near milepost 33.69 on State Route 7 the last time that section of roadway was inspected prior to April 20, 2011. Defendant stated that, "[a] review of the six-month maintenance history [record submitted] also reveals that general maintenance and inspection is conducted to ensure a properly maintained roadway."

{¶4} Defendant's maintenance records for State Route 7 verify that at least seven repairs in the vicinity of plaintiff's incident took place from December 2010 through April 2011. In addition, ODOT crews patched potholes at milepost 33.00 on April 13, 2011.[1]

{¶5} For plaintiff to prevail on a claim of negligence he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss

---

[1] It is unclear from the investigation report whether this repair coincides with the area of plaintiff's

and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶8} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD.

{¶9} The trier of fact notes that based upon the evidence presented, the April 21, 2011 photographs taken by plaintiff essentially reflect the roadway condition that plaintiff would have encountered on April 20, 2011. Upon review, the photographs

damage event.

submitted by plaintiff show the adjoining surfaces at the entrance and exit to the bridge to be relatively level and the patching material appears to be intact, so as to provide reasonably safe access over the bridge for motorists.

{¶10} In this case, defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident on April 13, 2011. A patch that deteriorates in less than ten days is prima facie evidence of negligent maintenance. See *Matala v. Ohio Department of Transportation*, 2003-01270-AD, 2003-Ohio-2618;*Schrock v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-02460-AD, 2005-Ohio-2479. However, plaintiff has failed to prove that the damage to his vehicle was caused by a pothole that had been previously patched or that the patching material used on the roadway was subject to rapid deterioration. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.-4830.

{¶11} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions persuasive that the roadway was negligently maintained. Conversely, the trier of fact finds defendant's assertions persuasive in regard to the contentions that the roadway was adequately maintained.

 Court of Claims of Ohio

JACK HOWARD

      Plaintiff

      v.

OHIO DEPARTMENT OF TRANSPORTATION

      Defendant

      Case No. 2011-07443-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

      Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

 

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Jack Howard
42944 Hammond School Road
Wellsville, Ohio  43960

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

9/1
Filed 9/13/11
Sent to S.C. reporter 1/27/12